UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

_____

ANGELA GATERMAN and
ROBERT A. PAULI, JR.,

         Plaintiff,

v.                     No. 17-CV-2837

                     Jury Demanded

KAVULICH & ASSOCIATES, P.C. and
GARY KAVULICH,

         Defendants.

_____

COMPLAINT FOR
VIOLATIONS OF THE FAIR DEBT COLLECTION
PRACTICES ACT AND MALICIOUS PROSECUTION

### I. Introduction

1. This is an action for actual and statutory damages brought by Plaintiffs Angela Gaterman (née Pauli) and Robert A. Pauli, Jr. in response to violations by Defendants Kavulich & Associates, P.C. and Gary Kavulich, of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; and for malicious prosecution.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

1

4. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendants transact business here, a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred here, a substantial part of the conduct complained of occurred here, and a substantial part of the Defendants' tortious acts were committed here.

5. This Court has supplemental jurisdiction over Plaintiffs' state-law claims under 28 U.S.C. § 1367, because the claims are so related that they form part of the same case or controversy.

6. This court has jurisdiction over Gary Kavulich because he transacts business in this state, the conduct complained of occurred in this District, and he committed tortious acts here.

7. This court has jurisdiction over Kavulich & Associates, P.C. because it transacts business in this state, the conduct complained of occurred in this District, and it committed tortious acts here.

8. More particularly, Defendants sent letters to Missouri and served process in Missouri on both Plaintiffs in a New York State debt-collection lawsuit – even though the subject debt that had *already* been the subject of a prior lawsuit that had been discontinued *with prejudice*. Moreover, with respect to Plaintiff Robert A. Pauli, Jr. – a Missouri resident – Defendants unlawfully filed the debt-collection lawsuit in Manhattan, in violation of the venue provisions of the Fair Debt Collection Practices Act.

9. By sending letters into Missouri and serving process in Missouri in connection with the lawsuit unlawfully filed in Manhattan, Defendants transacted business within Missouri, committed tortious acts within Missouri, and subjected themselves to the jurisdiction of Missouri.

10. Because Defendants sent their letters to Plaintiffs in Jefferson and St. Louis Counties in Missouri, and served their unlawful pleadings on Plaintiffs in Jefferson and St. Louis Counties in Missouri, venue is proper in this District.

### III. PARTIES

11. Plaintiff Angela Gaterman is a natural person residing in Jefferson County, Missouri.

12. Plaintiff Robert A. Pauli, Jr. is the father of Plaintiff Angela Gaterman, and a natural person residing in St. Louis County, Missouri.

13. Plaintiff Angela Gaterman is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), as she is alleged to have owed a debt – *i.e.*, rent – arising primarily for family, household, or personal purposes.

14. Plaintiff Robert A. Pauli, Jr. a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), as he is alleged to have owed a debt – *i.e.*, an alleged guaranty of his daughter's rent – arising primarily for family, household, or personal purposes.

15. Defendant Kavulich & Associates, P.C. ("Kavulich & Associates") is a professional corporation organized and existing under the laws of New York State with its principal place of business at 181 Westchester Avenue, Suite 500C, Port Chester, New York 10573.

3

16. Defendant Gary Kavulich ("Mr. Kavulich") is a debt-collection lawyer with his principal place of business at 181 Westchester Avenue, Suite 500C, Port Chester, New York 10573.

17. Defendants Kavulich & Associates and Mr. Kavulich (collectively "Kavulich") are "debt collector[s]" as defined in 15 U.S.C. §1692(a)(6) as they regularly collect or attempt to collect, directly or indirectly, debts owed, or due or asserted to be due another. Specifically, Kavulich files thousands of collection lawsuits in civil court, primarily for rent, and seeks to enforce putative debts obtained by others, primarily for rent. Many, if not most, of those collection lawsuits are signed by Mr. Kavulich.

18. Defendant Gary Kavulich is a natural person. At all times relevant to this action, Mr. Kavulich was and is the Chief Executive Officer of Kavulich & Associates. All of the letters from Kavulich & Associates and the pleadings filed by Kavulich & Associates related to this action were signed by Mr. Kavulich.

## IV. FACTUAL ALLEGATIONS

19. In 2009, Ms. Gaterman – then known as Angela Pauli – moved to New York and rented an apartment in Manhattan from Sandy Realty, LLC.

20. Because she was in her early 20s, as a condition of renting the apartment, Sandy Realty demanded that she obtain a guaranty from an individual with a more established credit history and assets.

21. Angela Gaterman signed the lease, a copy of which is attached as <u>Exhibit A</u>.

4

22. The lease was between Ms. Gaterman and Sandy Realty, LLC.

23. Sandy Realty's managing agent, EDS Management, was not a party to the lease.

24. EDS Management Corp.'s name appeared on the lease only as the "care of" address, not as the owner or landlord of the building.

25. Ms. Gaterman's father, Robert A. Pauli, Jr., agreed to guaranty the lease.

26. Robert Pauli no longer has a copy of the guaranty, but he knows that he signed it in Missouri.

27. Soon thereafter, Angela Gaterman began having a dispute with Sandy Realty because it was not making needed repairs and the apartment was infested with rodents.

28. She withheld rent and was sued for rent in Housing Court.

29. In Housing Court, Sandy Realty was directed to make repairs and address the rodent infestation and Angela Pauli was directed to deposit money into escrow.

30. When Sandy Realty failed to make the repairs and deal with the rodent infestation, Angela Pauli moved out and returned to Missouri.

31. In 2014, Angela Gaterman began receiving letters from Kavulich at her home in Missouri demanding payment of alleged rent arrears for the Manhattan apartment. *See* letter dated April 19, 2014, a copy of which is attached as Exhibit B.

32. On or about May 13, 2014, Angela Gaterman sent a letter disputing the alleged debt. *See* Exhibit C.

33. On May 6, 2015, Kavulich filed suit on behalf of of EDS Management Corp. against Angela Gaterman and Robert A. Pauli, Jr. in New York City Civil Court, in the courthouse located in Manhattan. *See* First Summons and Complaint attached as Exhibit D.

34. After Angela Gaterman and Robert A. Pauli, Jr. were served in Missouri, Angela Gaterman contacted Kavulich, and Mr. Kavulich decided to discontinue the case with prejudice.

35. By Notice of Discontinuance dated October 12, 2016, Kavulich discontinued the action with prejudice and filed a copy with the Civil Court in Manhattan. *See* Exhibit E.

36. Despite having discontinued the 2015 Action *with prejudice*, on December 6, 2016, Kavulich again sued Angela Gaterman and Robert A. Pauli, Jr. in the same Manhattan courthouse on the same claims. *See* Second Summons and Complaint attached as Exhibit F.

37. Despite the lease agreement having been between Sandy Realty, LLC and Angela Gaterman, Kavulich again unlawfully sued in the name of the managing agent, EDS Management Corp.

38. Despite the fact that there is no corporation under the name EDS Management Corp. authorized to do business in New York State, Kavulich unlawfully filed suit in the name of EDS Management Corp. in violation of New

6

York law, which requires the corporations doing business in New York to file for authorization with the Secretary of State in order to be allowed to file suit in the state courts.

39. Despite the fact that Robert A. Pauli, Jr. signed the guaranty in Missouri and not in New York – and lived in Missouri at the time of commencement – Kavulich again unlawfully filed suit in Manhattan against Robert Pauli.

40. Not knowing what to do, Plaintiffs moved to dismiss the case on the grounds of *res judicata*. *See* Exhibit G.

41. Kavulich opposed the motion and during a telephone call, the Civil Court Judge directed Kavulich to provide documents to Plaintiffs

42. On or about March 28, 2017, Kavulich mailed documents to Angela Gaterman.

43. Shortly thereafter, Kavulich obtained a default judgment against the Plaintiffs. *See* Default Judgment attached as Exhibit H. Plaintiffs were not aware of this default judgment for several months.

44. Faced with a judgment that never should have been entered on a case that never should have been filed, Plaintiffs have been forced to retain and pay attorneys in New York to move to vacate the judgment.

45. The attorneys in New York will soon be moving to vacate the fraudulent judgment.

46. As a result of Defendant's acts, Plaintiffs have become nervous, upset, anxious, and are suffering from emotional distress and embarrassment over this

7

sham lawsuit and judgment based on claims that were discontinued with prejudice and for which EDS Management Corp. had neither standing nor capacity to sue, and in which Robert Pauli was unlawfully sued in a distant forum.

47. In addition, Plaintiffs have suffered actual monetary losses from having to hire an attorney to vacate a judgment that never should have been entered on a case that never should have been filed.

48. Moreover, Kavulich has unlawfully entered the judgment in Civil Court in Manhattan – and is keeping the judgment in place – despite knowing that Kavulich never should have filed the lawsuit in the first place.

49. Thus, Kavulich's deceptive and abusive collection tactics are causing an ongoing harm, for which Plaintiffs are continuing to accrue damages, by being forced to defend a debt-collection action in a distant forum.

50. In December 2017, Plaintiffslearned that although EDS Management Corp. does business in New York and even has its headquarters in New York, it is not authorized to do business in the State of New York.

82. As a corporation doing business in New York, EDS Management Corp. must apply for authority to do business in this state.

83. A corporation doing business in New York State without having received a certificate of authority to do business in New York may not maintain any action, suit or special proceeding in any New York court, unless and until such corporation shall have received a certificate of authority in New York.

84. Therefore, Kavulich was not legally entitled to file a lawsuit on behalf of EDS Management Corp.

85. Moreover, the lease was between Sandy Realty, LLC and Angela Gaterman, so it was also unlawful for Kavulich to file suit in the name of the managing agent, EDS Management Corp.

86. In summary, Kavulich's polymorphously abusive debt collection tactics included: Filing a state-court complaint containing material misstatements of fact; filing a lawsuit they were not legally entitled to file, in that their client was not capable of suing in the courts of New York State; filing a lawsuit that they were not legally entitled to file, in that all the lawsuit's claims had been voluntarily dismissed with prejudice; and filing a lawsuit in a forum half a continent away from where Mr. Pauli lives and where he signed the guaranty.

## V. CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

87. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

88. The conduct of Defendants as described in this complaint violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*, as follows:

    i. Defendants violated 15 U.S.C. §1692i by filing suit and entering judgment against Robert A. Pauli, Jr. in New York, when the only proper venue was in Missouri.

    ii. Defendants violated 15 U.S.C. §1692e, e(2), e(5), e(10), and f, by filing suit and entering judgment on claims that had already been discontinued *with prejudice*, filing

9

      claims in the name of EDS Management Corp. even though EDS had no privity, standing or capacity to file suit, and filing suit in the name of EDS even though EDS is not authorized to do business in New York.

  iii. By filing and by serving the state lawsuit in what Defendants knew or should have known was the wrong venue, by submitting papers false and deceptive papers in what Defendant knew or should have known was an improper venue, and by filing and seeking to enforce hundreds if not thousands of debt-collection cases and default judgments without – as demonstrated here – performing any meaningful review, Defendant has violated 15 U.S.C. §§1692e, e(3), and e(10), by falsely representing that an attorney had meaningfully reviewed the consumers' file and the complaint. As most of the documents attached as exhibits hereto come from Defendants' office and indicate – through signature or address block – that they come from attorney, these documents are false and deceptive in that no attorney meaningfully reviewed the file prior to the document being filed and/or served. Defendant's actions in this regard violate 15 U.S.C. §§1692e, e(3), and e(10). Defendant's actions in repeatedly failing to review the file resulted in the state-court action being filed in an improper venue and in Plaintiffs having to incur the expense of hiring an attorney to vacate a judgment and defend the New York action.

  iv. Defendants violated 15 U.S.C. §1692e, e(2), e(5), e(10), e(13), and f, by filing suit on behalf of EDS Management Corp., in New York state courts, despite EDS not having privity, standing, or legal capacity to sue.

  v. Defendants exacerbated and ratified all of the foregoing acts by entering default judgment, despite being on notice of the illegality of their actions.

89. That as a result of Defendants' acts, Plaintiffs have become nervous, upset, and anxious, and have suffered from emotional distress and embarrassment.

90. In addition, Plaintiffs have suffered actual monetary losses from having to hire an attorney to vacate the fraudulent judgment and defend an action filed in an incorrect venue using improper forms.

91. Moreover, Plaintiffs are continuing to suffer ongoing harm from having a Civil Court case in Manhattan pending when the action never should have been brought and when it was filed in an unlawful distant forum.

92. In other words, the New York action is hanging over their heads.

**WHEREFORE**, Plaintiffs Angela Gaterman and Robert A. Pauli, Jr. respectfully request that judgment be entered against the Defendants Kavulich & Associates, P.C. and Gary Kavulich for:

(a) Actual damages;

(b) Statutory damages for under 15 U.S.C. § 1692k;

(c) Declaratory relief;

(d) Costs, disbursements and reasonable attorney's fees under 15 U.S.C. § 1692k; and

(e) Such other and further relief as may be just and proper.

## COUNT IV
## MALICIOUS PROSECUTION

93. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

94. Defendants, maliciously intending to injure Plaintiffs, instituted the underlying Civil Court lawsuit against Plaintiffs without reasonable grounds and

11

have continued to prosecute the lawsuit when Defendants knew or should have known that the lawsuit was groundless.

95. Despite being advised by Plaintiffs that Plaintiffs did not owe the debt and that Defendants had already dismissed the claims *with prejudice*, Defendants continued to prosecute the underlying action against Plaintiffs and even obtained a fraudulent default judgment.

96. Defendants did not and do not possess and facts or documents that would support their claim that Plaintiffs owed the alleged debt upon with the underlying suit and judgment was based.

97. The underlying lawsuit was instituted and prosecuted by Defendants maliciously and without probable cause and, notwithstanding that there was no probable cause for the institution and prosecution of the underlying lawsuit, Plaintiffs have been compelled to defend same and forced to incur loss of time and money attendant to the defense of the underlying lawsuit and have been made to suffer great embarrassment, humiliation, mental anguish, and emotional distress.

98. The conduct of Defendants alleged above was made and done in reckless disregard and indifference to the rights of Plaintiffs, thereby calling for an assessment of punitive damages against Defendants to punish them and to deter them and others from engaging in like conduct in the future.

WHEREFORE, Plaintiffs Angela Gaterman and Robert A. Pauli, Jr. ask that this Court enter judgment in his favor against Defendants Kavulich & Associates, P.C. and Gary Kavulich, awarding damages as follows:

(A) Actual damages;

(B) Punitive damages;

(C) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(D) Any other relief this Court deems appropriate and just.

## JURY DEMAND

Please take notice that Plaintiffs demand trial by jury in this action.

Dated:     Winston-Salem, N.C.
           December 6, 2017

                                        RESPECTFULLY SUBMITTED,

                                        /s/ Jonathan R. Miller
                                        Jonathan R. Miller
                                        One of Plaintiffs' Attorneys


**Attorneys for Plaintiffs**

Jonathan R. Miller, MO Bar #64031
Law Office of Jonathan R. Miller, PLLC
(d/b/a Salem Community Law Office)
301 N. Main Street, Suite 2415
Winston-Salem, NC 27101
Tel: (336) 837-4437

Brian L. Bromberg
(Will be applying for admission *pro hac vice*)
Bromberg Law Office, P.C.
26 Broadway, 21st Floor
New York, NY 10004
Tel: (212) 248-7906

13