UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ANGELA GATERMAN and ROBERT A. PAULI, JR., <br><br>Plaintiffs, <br><br>v. <br><br>KAVULICH & ASSOCIATES, P.C. and GARY KAVULICH, <br><br>Defendants. | No. 17-CV-2837-JCH |

## MOTION FOR DEFAULT JUDGMENT

PLEASE TAKE NOTICE, that upon the accompanying Declaration of Plaintiff Angela Gaterman; upon the Complaint filed by Plaintiffs on December 6, 2017, and upon all other papers and proceedings had herein, Plaintiffs move this Court, under Rule 55(b) of the Federal Rules of Civil Procedure for an Order:

1. Deeming all facts alleged in Plaintiffs' Complaint as admitted by Defendants;

2. Holding, for the reasons explained in ¶ 88 of Plaintiffs' Complaint, that Defendants violated the following section of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"):

   a. Section § 1692i, by filing a lawsuit against Plaintiff Robert A. Pauli, Jr. in New York City, even though, at the time, Mr. Pauli resided in

    Missouri, and Mr. Pauli had signed the contract sued upon in Missouri;

  b. Sections 1692e, e(2), e(5), and e(10), by falsely representing that Defendants had the legal right to sue on a debt that had already been extinguished, and by falsely representing that EDS Management Corp. had the legal right to sue Plaintiffs; and

  c. Sections 1692e, e(3), and e(10), by falsely representing that an attorney had meaningfully reviewed the pleadings in the New York City lawsuit, *see, e.g., Morgan v. Vogler Law Firm, P.C.*, Case No. 4:15-CV-1654 SNLJ, 2016 U.S. Dist. LEXIS 95781 at *11-12 (E.D. Mo. July 22, 2016); *see also Clomon v. Jackson*, 988 F.2d 1314, 1320-21 (2d Cir. 1993).

  3. Holding that, under the common law of the state of Missouri, Defendants committed the tort of malicious prosecution against Plaintiffs, in that:

  a. A lawsuit was commenced against Plaintiffs in the New York City Civil Court in December 2016;

  b. Said lawsuit was instigated by Defendants;

  c. The lawsuit has terminated in Plaintiffs' favor, *see* **Exhibit A** to accompanying Declaration of Plaintiff Angela Gaterman ("Gaterman Decl.");

  d. Defendants lacked any probable cause to file the lawsuit, in that Defendant had voluntarily dismissed identical claims *with prejudice* just two months earlier;

  e. Defendants' actions were malicious, as demonstrated by the fact that Defendants continued to maintain the lawsuit, and even applied for a default judgment, after they had

been warned that their lawsuit was frivolous, and by other facts to be obtained in an anticipated deposition of Defendants; and

  f. Plaintiffs sustained damage, as explained in the Gaterman Decl.

*See State ex rel. O'Basuyi v. Vincent*, 434 S.W.3d 517 (Mo. banc 2014).

  4. Holding that Plaintiffs are entitled to recover the sum certain of $4,593.75 from Defendants;

  5. Granting Plaintiffs leave to take discovery on the issue of malice, for the purposing of establishing liability and punitive damages on Plaintiffs' malicious prosecution claim;

  6. Scheduling an evidentiary hearing to determine the amount of Plaintiffs' emotional distress damages and the amount of punitive damages against Defendants;

  7. Holding, for purposes of 15 U.S.C. § 1692k(a)(3), that Plaintiffs are the prevailing parties in this action, and setting deadlines for Plaintiffs to petition this Court for the costs of this action, together with a reasonable attorney fee; and

  8. Such other and further relief as the Court may deem just and equitable.

Dated: Winston-Salem, NC
   April 5, 2018

            /s/ Jonathan R. Miller
            Jonathan R. Miller
            One of Plaintiffs' Attorneys

Attorneys for Plaintiffs

Jonathan R. Miller, MO Bar #64031
Law Office of Jonathan R. Miller, PLLC
(d/b/a Salem Community Law Office)
301 N. Main Street, Suite 2415
Winston-Salem, NC 27101
Tel: (336) 837-4437

Brian L. Bromberg
(Will be applying for admission *pro hac vice*)
Bromberg Law Office, P.C.
26 Broadway, 21st Floor
New York, NY 10004
Tel: (212) 248-7906