UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

|  |  |  |
|---|---|---|
| ANGELA GATERMAN and ROBERT A. PAULI, JR., | ) ) ) | No. 17-CV-2837-JCH |
| Plaintiffs, | ) ) ) |  |
| v. | ) ) |  |
| KAVULICH & ASSOCIATES, P.C. and GARY KAVULICH, | ) ) ) |  |
| Defendants. | ) ) ) ) |  |

## DECLARATION OF PLAINTIFF ANGELA GATERMAN

Angela Gaterman declares the following to be true under penalties of perjury:

1. I am one of the Plaintiffs in this action, and I am fully knowledgeable of all the facts and circumstances having to do with this case.

2. As explained in the Complaint (ECF #1), I used to live in New York City. When I lived there, I rented a residential apartment in Manhattan from a company called Sandy Realty, LLC. My father, Robert A. Pauli, Jr. – who is the other Plaintiff in this case – also signed the lease as a guarantor.

3. Unfortunately, my apartment became infested with rodents. Sandy Realty, LLC refused to do anything about the rodent problem, and they also failed to make other necessary repairs.

1

4.  I started withholding rent, and Sandy Realty, LLC sued me in Housing Court. The Housing Court judge ordered Sandy Realty, LLC to make repairs, and ordered me to deposit rent money into escrow.

5.  But Sandy Realty, LLC still refused to make the repairs. So, I moved out of the apartment and came back to Missouri.

6.  As explained in the Complaint, the Defendants filed a lawsuit against me and my father in the New York City Civil Court on May 6, 2015 for alleged unpaid rent. But the Defendants sued on behalf of a company called EDS Management Corp., which wasn't even a party to the lease.

7.  The Defendants voluntarily dismissed that case *with prejudice* on October 12, 2016.

8.  Defendants *again* sued me and my father for alleged unpaid rent on December 6, 2016 in the New York City Civil Court. Again, they sued on behalf of EDS Management Corp., whose name was not on the lease I signed.

9.  As explained in the Complaint, by filing a second lawsuit against my father and me in New York City, Defendants violated the Fair Debt Collection Practices Act in several ways. Their activities also amounted to malicious prosecution.

10.  As explained in the Complaint, even though Defendants should have known that they were not allowed to take a second bite at the apple, since they had dismissed their first lawsuit *with prejudice*, they continued to prosecute the case, and eventually obtained a default judgment against me.

2

11.  I had to hire lawyers in New York City to reopen the second case. Fortunately, they were able to vacate the default judgment and to request that a New York City Civil Court Judge dismiss the case. The judge's order, a copy of which is attached as **Exhibit A**, makes clear that the second lawsuit should never have been brought, since Defendants had dismissed the first lawsuit with prejudice.

12.  I had to pay my lawyers in New York City a $1,500 retainer for them to take the case. And my New York City lawyers' total fees and expenses were $4,593.75, which means I now owe them $3,093.75. A copy of an invoice from my New York City lawyers demonstrating all of this is attached as **Exhibit B**.

13.  I would not have had to pay New York City lawyers $4,593.75 if Defendants had not violated the FDCPA by suing me. And there was no other way for me to defend the second lawsuit than to hire New York City lawyers, especially since my father and I live in St. Louis.

14.  Also, my father and I have both endured a lot of stress, worry, and anxiety as a result of Defendants filing a lawsuit that never should have been filed, in a forum half a continent away. We believe it's only fair that Defendants should compensate us for all that stress, worry and anxiety.

15.  Finally, Defendants knew full well that they had no right no file their second lawsuit, after dismissing their first lawsuit with prejudice. There was no way they could have won their second lawsuit on the merits – yet Defendants completely disregarded our rights by filing the second lawsuit and continuing to prosecute it. We believe that Defendants should have to pay punitive damages, to

3

keep Defendants and other unscrupulous debt collectors from doing the same thing to anyone else.

16. For these reasons, my father and I respectfully ask the Court to enter a judgment against Defendants in the amount of $4,593.75, plus the value of our stress, worry, and anxiety, plus punitive damages in whatever amount the Court decides is appropriate, plus $1,000 in statutory damages for me and $1,000 in statutory damages for my father. We also respectfully ask the Court to schedule a hearing, so that we can explain to the Court all of the stress, worry, and anxiety we experienced.

Dated: St. Louis, Missouri
April 5, 2018

Angela Gaterman
Angela Gaterman

4