UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

|  |  |  |
|---|---|---|
| ANGELA GATERMAN and<br>ROBERT A. PAULI, JR.,<br><br>    Plaintiffs,<br><br>v.<br><br>KAVULICH & ASSOCIATES,<br>P.C. and GARY KAVULICH,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 17-CV-2837-JCH<br><br><br>[PROPOSED] ORDER |

This matter came before the Court on Plaintiffs' application for entry of default judgment against Defendants KAVULICH & ASSOCIATES, P.C. and GARY KAVULICH, under Rule 55(b) of the Federal Rules of Civil Procedure. After having considered the arguments and authorities submitted by Plaintiffs, the Court finds as follows:

1.   A default was entered by the Clerk of the Court against Defendants on April _____, 2018.

2.   Neither Defendant is a minor, an incompetent person, or a member of the military service of the United States.

3.   Neither Defendant appeared or otherwise defended in this action.

THEREFORE, IT IS ADJUDGED AND ORDERED that:

I.

Defendants violated 15 U.S.C. § 1692i of the Fair Debt Collection Practices Act ("FDCPA"), by filing a lawsuit against Plaintiff Robert A. Pauli, Jr. in New York City, even though, at the time, Mr. Pauli resided in Missouri, and Mr. Pauli had signed the contract sued upon in Missouri. Defendants also violated §§ 1692e, e(2), e(5), and e(10), by falsely representing that Defendants had the legal right to sue on a debt that had already been extinguished, and by falsely representing that EDS Management Corp. had the legal right to sue Plaintiffs. Finally, Defendants violated §§ 1692e, e(3), and e(10), by falsely representing that an attorney had meaningfully reviewed the pleadings in the New York City lawsuit. *See, e.g., Morgan v. Vogler Law Firm, P.C.*, Case No. 4:15-CV-1654 SNLJ, 2016 U.S. Dist. LEXIS 95781 at *11-12 (E.D. Mo. July 22, 2016); *see also Clomon v. Jackson*, 988 F.2d 1314, 1320-21 (2d Cir. 1993).

II.

Under the common law of Missouri, Defendants committed the tort of malicious prosecution against Plaintiffs. All of the elements of malicious prosecution are present: (1) A lawsuit was commenced against Plaintiffs in the New York City Civil Court in December 2016; (2) said lawsuit was instigated by Defendants; (3) the lawsuit has terminated in Plaintiffs' favor; (4) Defendants lacked any probable cause to file the lawsuit, in that Defendant had voluntarily dismissed identical claims *with prejudice* just two

months earlier; (5) it appears that Defendants' actions were malicious, as demonstrated by the fact that Defendants continued to maintain the lawsuit, and even applied for a default judgment, after they had been warned that their lawsuit was frivolous; and (6) Plaintiffs sustained damages in the form of attorney fees incurred to defend against the lawsuit, as well as emotional distress. *See State ex rel. O'Basuyi v. Vincent*, 434 S.W.3d 517 (Mo. banc 2014).

IV.

Plaintiffs are entitled to entry of a default judgment, and they are entitled to recover the sum certain of $4,593.75 from Defendants.

The Court hereby grants Plaintiffs leave to take discovery on the issue of malice, for the purposes of establishing liability and punitive damages on their malicious prosecution, including depositions of Defendants. Plaintiffs must complete all such further discovery no later than _____, 2018.

An evidentiary hearing for the purpose of determining Plaintiffs' emotional distress damages and punitive damages is set for _____, 2018, at _____ __.m., in Courtroom 16 North of the Thomas F. Eagleton United States Courthouse, 111 South 10th Street, St. Louis, MO 63102.

Plaintiffs, as the prevailing parties in this action, are entitled to recover the costs of this action, together with a reasonable attorney fee.

Plaintiffs must submit their petition for fees and costs to this Court no later than _____, 2018.

       IT IS SO ORDERED this _____ day of _____, 2018.

_____
Hon. Jean C. Hamilton
United States District Judge