# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANGELA GATERMAN and ROBERT A. PAULI, JR., <br><br>Plaintiffs, <br><br>vs. <br><br>KAVULICH & ASSOCIATES, P.C., and GARY KAVULICH, <br><br>Defendants. | Case No. 4:17CV2837JCH |

## ORDER

Before the Court is Plaintiffs' Motion for Default Judgment which Plaintiffs filed on April 5, 2018. (ECF 9). In their Motion for Default Judgment, Plaintiffs ask the Court to deem all facts alleged in their "Complaint as admitted by law," to hold that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and committed the tort of malicious prosecution as alleged in Plaintiffs' Complaint, to grant them leave to conduct discovery on the issue of "malice for the purpose of establishing liability and punitive damages on Plaintiffs' malicious prosecution claim," and to hold that they are entitled to recover the sum certain of $4,593.75 from Defendants. Plaintiffs also ask the Court to schedule "an evidentiary hearing to determine the amount of Plaintiffs' emotional distress

damages and the amount of punitive damages against Defendants."

On the same date that Plaintiffs filed the Motion for Default Judgment, they also filed a Motion for Entry of Clerk's Default pursuant to Fed. R. Civ. P. 55(a). (ECF 8). On April 16, 2018, the Clerk's Entry of Default issued. (ECF 11). The only matter that remains to be determined in this case, therefore, is the amount of Plaintiffs' damages. In regard to a determination of the amount of damages after the Clerk's entry of default, Rule 55(b) provides:

> (b) Entering a Default Judgment.
>
> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. . . . The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: . . . (B) determine the amount of damages[.]

The Court has considered the allegations of Plaintiffs' Complaint, the procedural history of this case, and Fed. R. Civ. P. 55 and finds that Plaintiffs' Motion for Default Judgment should be granted, in part, and held in abeyance, in part.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment (ECF 9) is **GRANTED**, in part, and **HELD IN ABEYANCE**, in part;

**IT IS FURTHER ORDERED** that Plaintiffs are **GRANTED** thirty (30) days from the date of this Order to conduct discovery relevant to punitive damages and Plaintiffs' emotional distress damages;

**IT IS FURTHER ORDERED** that, no later than forty-five (45) days from the date of this Order, Plaintiffs shall submit a proposed default judgment order setting forth the total amount of damages to which they allege they are entitled and specifying actual damages, punitive damages, and damages for emotional distress; Plaintiffs shall also submit a supporting memorandum; and, to the extent Plaintiffs claim that their damages are a sum certain or a sum that can be made certain by computation, Plaintiffs shall submit an affidavit showing the amount due;

**IT IS FURTHER ORDERED** that Defendants have seven (7) days from the date Plaintiffs submit a proposed default judgment order and supporting memorandum to file a response;

**IT IS FURTHER ORDERED** that Plaintiffs have seven (7) days from the date Defendants file a response to file a reply; and

**IT IS FINALLY ORDERED** that, after the parties have had the opportunity to brief the issue of damages, the Court will set the issue of damages

for hearing if it determines a hearing is necessary and will subsequently enter Default Judgment in Plaintiffs' favor.

Dated this 23rd Day of May, 2018.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE